MIRIAM STRAUS SCHER, Appellant, v. DAVID SCHER, Respondent.

Appeal from an order of the Supreme Court, entered in the Kings county clerk's office on August 28, 1928, and also from an order entered on October 9, 1928, resettling said prior order. Order as resettled, denying motion to punish defendant for contempt, reversed upon the law and the facts, with ten dollars costs and disbursements, and motion granted, with ten dollars costs. In this action, brought for a separation, an order was made by the Supreme Court directing defendant to pay to plaintiff, for the support of the infant issue of the marriage, the sum of thirty dollars per week. In January, 1928, defendant was in arrears to the extent of four hundred and ninety dollars. He resisted contempt proceedings upon the claim that the amount had been reduced, by mutual agreement, to ten dollars per week. It was not until August 15, 1928, that the report of the official referee, finding against defendant, was confirmed, and he was committed by order entered on August 16, 1928. In the meantime there had accrued an additional sum of six hundred and twenty dollars, due to defendant's false claim and dilatory tactics. Pending the argument of the motion upon which the order now before us for review ·was made, defendant remained in jail. Solely because defendant was in jail, the learned justice at Special Term denied the motion. Upon the argument of this appeal counsel for defendant admitted that defendant was then at liberty, having paid, in the meantime, all arrears to January, 1928. The motion was not to imprison for debt and there is no proof that defendant is unable to comply with the order compelling him to support his child. Lazansky, P. J., Young, Hagarty and Carswell, JJ., concur; Kapper, J., dissents, with the following memorandum:

KAPPER, J. (dissenting). The record shows that at the time of the making of the order appealed from defendant was in jail. The application sought, in effect, to put him in jail when he was already there. It is not mandatory to imprison for debt. As the case stood, the Special Term was required to exercise a discretion whether to continue imprisonment after the termination of the period of then existing incarceration or to await the defendant's liberation and upon a renewed application make a disposition according to justice. I am of opinion that a sound discretion was exercised by the learned Special Term, and that the order should be affirmed. Settle order on notice.